**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AUTOMOBILI LAMBORGHINI, S.p.A., an Italian Company,<br><br>                    Plaintiff,<br><br>vs.<br><br>SANGIOVESE, LLC, a Nevada Limited Liability Company, SANGIOVESE BANQUET, LLC, a Nevada Limited Liability Company, and DAL TORO EXOTIC CARS LAS VEGAS, LLC, a Nevada Limited Liability Company,<br><br>                    Defendants. | Case No.: 2:11-cv-1154-ECR-CWH<br><br>**CONSENT INJUNCTION**<br><br>ORDER APPROVING CONSENT INJUNCTION |
| SANGIOVESE, LLC, a Nevada Limited Liability Company, SANGIOVESE BANQUET, LLC, a Nevada Limited Liability Company, and DAL TORO EXOTIC CARS LAS VEGAS, LLC, a Nevada Limited Liability Company,<br><br>                    Counter-Claimants,<br><br>vs.<br><br>AUTOMOBILI LAMBORGHINI, S.p.A., an Italian Company,<br><br>                    Counter-Defendant. | |

        Plaintiff/Counter-Defendant AUTOMOBILI LAMBORGHINI, S.p.A. ("Plaintiff" or "Lamborghini") and Defendants/Counter-Claimants SANGIOVESE, LLC ("Sangiovese"), SANGIOVESE BANQUET, LLC ("Sangiovese Banquet"), and DAL TORO EXOTIC CARS LAS VEGAS, LLC ("Dal Toro Exotic Cars" and, collectively "Defendants"), (Plaintiff and Defendants, collectively the "Parties"), having settled their differences in the instant action by separate Settlement Agreement, consent to entry of this Injunction

1

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

Plaintiff registered among others, the following Marks with the United States Patent and Trademark Office ("USPTO") (collectively, "Lamborghini's Marks"), which were filed prior to the Dal Toro Mark (as defined below):

| Mark | Reg. No. | Serial No. | Reg. Date |
|---|---|---|---|
|  | 3717346 | 77407553 | 12/1/2009 |
|  | 3312082 | 78870133 | 10/16/2007 |
|  | 2254847 | 75334329 | 6/22/1999 |
|  | 3671571 | 77407493 | 8/25/2009 |
| LAMBORGHINI | 1622382 | 74019105 | 11/13/1990 |
| LAMBORGHINI | 3707401 | 77407165 | 11/10/2009 |

Defendants had registered the following Trademark with the USPTO, bearing Serial No. 77282895, filed September 18, 2007, and abandoned May 4, 2009; and has attempted to re-register the Mark with the USPTO, as Serial No. 85376658, by a filing on July 20, 2011 (collectively, the "Dal Toro Mark"):



Defendants and their officers, managers, members, principals, agents, employees, servants, successors, licensees, assigns and attorneys, and all those persons or entities in active concert or participation with or controlled by them, are permanently restrained, enjoined and forbidden from:

a) using Lamborghini's Marks, any colorable imitations thereof, or any marks confusingly similar thereto;

b) using the Dal Toro Mark, any colorable imitations thereof, or any marks confusingly similar thereto. Defendants shall take all necessary and required steps to de-register, remove, withdraw, revoke, expressly abandon and cancel of record the Dal Toro Mark (including as Serial Nos. 77282895 and 85376658) and any pending applications with the United States Patent and Trademark Office ("USPTO");

c) using any and all signage or logos bearing the Dal Toro Mark or Lamborghini's Marks, including, but not limited, in: the Dal Toro Il Ristorante Italiano, Dal Toro Exotic Car Showroom and Dal Toro Merchandise Gallery located in The Palazzo Resort Hotel and Casino located in Las Vegas, BV; the website domain www.daltoro.com; and any Dal Toro Restaurant or establishment irrespective of location, including those located in Curacao and Miami, FL;

d) future manufacture, sale, use offering, advertising or distribution of any and all items bearing the Dal Toro Mark, including but not limited to: business cards, staff shirts, merchandise, accessories, bottled water, hats, glasses, napkins, aprons and any other goods, bearing the Dal Toro Mark;

e) Defendants shall destroy any and all remaining inventory bearing the Dal Toro Mark within five (5) days hereof;

f) Defendants acknowledge that Defendants have no current affiliation, authorization, likeness, sponsorship, endorsement or relationship of any kind with Lamborghini, or any Lamborghini authorized Dealership. Defendants shall not take any actions which may tend or actually lead the trade or the public, or individual members thereof, to mistakenly believe, or that would indicate or suggest that Defendants or any of their managers or members or principals or any of its related or affiliated entities are in any way supported, affiliated, authorized, owned, operated, sponsored by, licensed or endorsed by Lamborghini or any Lamborghini authorized Dealership without Lamborghini's future express written consent. Defendants shall not develop, register, or apply for, in any jurisdiction, the Dal Toro Mark or any confusingly similar variations or any other designations confusingly similar to those held by Lamborghini, including Lamborghini's Marks;

g) manufacturing, selling, using, offering, advertising or distributing any good, service or product using any simulation, reproduction, counterfeit, copy or colorable imitation of any or all of Lamborghini's Marks;

h) Defendants shall not engage in any activity constituting unfair competition with Lamborghini, or constituting an infringement of any or all of Lamborghini's Marks, or of Lamborghini's rights in, or to use or exploit, any or all of Lamborghini's Marks or engage in any activity that deceives the public and/or the trade, including, without limitation, palming-off or the use of design elements and designations associated with, Lamborghini or Lamborghini's Marks or cause Lamborghini's Marks to be diluted;

Defendants shall not engage in instructing, assisting, aiding or abetting any other person or business entity, either directly or indirectly, in engaging in or performing any of the activities referred to in the subparagraphs above.

This Court shall retain jurisdiction over the Parties to enforce the terms of the Parties' Settlement Agreement and Defendants' compliance with this Injunction.  Either party may enforce same by Motion to this Court.

**IT IS SO ORDERED.**

*Edward C. Reed*

UNITED STATES DISTRICT COURT JUDGE

Dated: February 21, 2012

cc:
Ariel E. Stern, Esq.
Jacob D. Bundick, Esq.
Akerman Senterfitt
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: ariel.stern@akerman.com
Email: jacob.bundick@akerman.com

John C. Dotterrer, Esq.
Stephen J. Giovinco, Esq.
Akerman Senterfitt
222 Lakeview Avenue, Suite 400
West Palm Beach, Florida  33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
Email: john.dotterrer@akerman.com
Email: stephen.giovinco@akerman.com

*Attorneys for Plaintiff*

Michael V. Cristalli, Esq.
Eunice M. Morgan, Esq.
Gordon Silver
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada  89169
Telephone: (702) 796-5555
Facsimile: (702) 369-2666
Email: mcristalli@gordonsilver.com
Email: emorgan@gordonsilver.com

*Attorneys for Defendants*